IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE WILDER, | ) | |
| | ) | |
| | ) | Case No. 16-cv-01965 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LVNV FUNDING LLC., and BLITT | ) | |
| AND GAINES, P.C. | ) | |
| | ) | Jury Demanded |
| Defendants. | ) | |

## CLASS COMPLAINT

Plaintiff, Michelle Wilder, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 ("ICAA"), and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Michelle Wilder ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

4. Defendant LVNV Funding LLC ("LVNV") is a Delaware Corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C., located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant LVNV holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

7. Defendant LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant, Blitt & Gaines, P.C. ("Blitt"), is a law firm organized as an Illinois Professional corporation with offices in Wheeling, IL. (Exhibit C, Record from the Illinois Secretary of State).

9. The practice of Blitt consists of the collection of alleged defaulted consumer debts owed, if at all, to others.

10. Blitt uses the mails and telephone system in conducting its business.

11. Blitt acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

**FACTUAL ALLEGATIONS**

12. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Credit One Bank, N.A. ("Credit One") consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

14. Credit One charged off the account in June of 2015.

15. Credit One ceased charging interest and late fees to Plaintiff on or about June, 2015.

16. Credit One ceased sending statements to Plaintiff after June, 2015.

17. Thus, Credit One has waived any right to collect interest on the alleged debt.

18. Sometime thereafter LVNV bought the alleged debt.

19. LVNV retained or hired attorney Blitt for collection of the alleged debt.

20. On or about January 19, 2016 Blitt filed a lawsuit, on behalf of LVNV, against Plaintiff, styled *LVNV Funding, LLC vs. Michelle Wilder*, Case No. 16-M1-101153 ("State Action"). (Exhibit D, State Court Complaint).

21. The complaint conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

22. The complaint was thus a communication as that term is defined at §1692a(2) of the FDCPA.

23. The complaint requests judgment for Defendants in the amount of $922.09 plus court costs.

24. Attached to the complaint was an affidavit by Chris Meeks, an authorized representative of LVNV. (Ex. D, Complaint).

25. Mr. Meeks states in his affidavit that as of June 9, 2015, the amount of $922.09 plus any legally permissible interest is due from Plaintiff.

26.     Defendants were not authorized to add interest to Plaintiff's account when the complaint was filed, as collection of those charges was not authorized by any agreement or allowed by law.

27.     In fact, Defendants have not added any interest to the debt since it was charged off by Credit One.

28.     In fact, Defendants have not added other charges to the debt since it was charged off by Credit One.

29.     Plaintiff purchased an Equifax consumer credit report.

30.     The amount of the alleged debt sought from Plaintiff by LVNV has not varied since June of 2015 when the balance of $922 was communicated to Equifax by the original creditor, seven months prior to the State Action. (Exhibit E, Excerpt from Equifax Credit Report showing original creditor tradeline).

31.      As a standard practice, the original creditor, Credit One waives interest, late charges, and other charges on credit card debts after charge-off.

32.     Credit One waived interest on Plaintiff's alleged debt.

33.     It is the policy and practice of Credit One to not charge interest on credit card debts after charge-off.

34.     Credit One did not charge interest on Plaintiff alleged debt after charge-off.

35.     Credit One informed LVNV that finance charges were not accruing on the collection account.

36.     In fact, LVNV was not authorized to add any interest, late charges, or other charges to Plaintiff's account, as the original creditor waived its right to do so.

37. It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest, late charges or other charges could be assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

38. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

39. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

40. Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10) when it falsely stated that interest and court costs may continue to accrue on the alleged debt.

41. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7,

2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

42. Defendant threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add interest and court costs to the alleged debt.

43. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

44. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest, and court costs.

45. In fact, Defendants did not intend to charge Plaintiff interest on the alleged debt.

46. Defendants' threat was intended to make the consumer afraid of interest charges, even though Defendants did not intend to add interest to the account balance.

47. Thus, Defendants made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

48. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

49. Defendants threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened to collect interest on the alleged debt.

50. 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act provides as follows:

> **Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

51. Defendants attempted to collect additional costs which were not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

52. LVNV authorized, directed, and ratified every action taken by Blitt on its behalf, and is liable for the acts and omissions of Blitt, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

53. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

55. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10), when it falsely stated that there is legally permissible interest on Plaintiff's account.

56. Defendants threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add interest to the alleged debt.

57. Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threated to add interest to the alleged debt.

58. By threatening to collect interest, Defendants used unfair and unconscionable means in violation of 15 U.S.C. § 1692f.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants as follows:

    A. Statutory damages from Defendant LVNV pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Statutory damages from Defendant Blitt pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

60. Plaintiff re-alleges the above paragraphs as if set forth fully in this count

61. Defendants threatened to collect additional interest which was not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A. Compensatory and punitive damages;

B. Costs; and,

C. Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com