**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.16-cv-01965 |
| v. | ) | |
| | ) | Judge: John Z. Lee |
| LVNV FUNDING, LLC and BLITT AND GAINES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, LVNV Funding, LLC, by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

## VENUE AND JURISDICTION

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

**ANSWER:      Defendant admits that Plaintiff brings this action for purported violations of the FDCPA but denies that Plaintiff has any such claims herein.  Defendant admits that this Court generally has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.**

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**ANSWER:      Defendant does not contest venue.**

## PARTIES

3.      Plaintiff, Michelle Wilder ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

131337785v1 0984405

**ANSWER:** **Upon information and belief, Defendant admits that Blitt attempted to collect an outstanding financial obligation Plaintiff owed to Credit One Bank, N.A. Defendant denies that it attempted to collect an outstanding financial obligation Plaintiff owed to Credit One Bank, N.A. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

4.      Defendant LVNV Funding LLC ("LVNV") is a Delaware Corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C., located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

**ANSWER:** **Defendant admits that it is a Delaware limited liability corporation and that its registered agent and office is Illinois Corporation Service C., located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant denies the remaining allegations in this paragraph.**

5.      LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

6.      Defendant LVNV holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

7.      Defendant LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

8.      Defendant, Blitt & Gaines, P.C. ("Blitt"), is a law firm organized as an Illinois Professional corporation with offices in Wheeling, IL. (Exhibit C, Record from the Illinois Secretary of State).

131337785v1 0984405

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

9. The practice of Blitt consists of the collection of alleged defaulted consumer debts owed, if at all, to others.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. Blitt uses the mails and telephone system in conducting its business.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11. Blitt acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTUAL ALLEGATIONS

12. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Credit One Bank, N.A. ("Credit One") consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff incurred an outstanding financial obligation originally owed to Credit One Bank, N.A. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

13. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

131337785v1 0984405

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14.     Credit One charged off the account in June of 2015.

**ANSWER:** **Upon information and belief, Defendant admits that Credit One charged off Plaintiff's account in May 2015. Defendant denies the remaining allegations in this paragraph.**

15.     Credit One ceased charging interest and late fees to Plaintiff on or about June, 2015.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16.     Credit One ceased sending statements to Plaintiff after June, 2015.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17.     Thus, Credit One has waived any right to collect interest on the alleged debt.

**ANSWER:** **Upon information and belief, Defendant denies the allegations in this paragraph.**

18.     Sometime thereafter LVNV bought the alleged debt.

**ANSWER:** **Defendant admits that in June 2015, it acquired Plaintiff's outstanding financial obligation originally owed to Credit One. Defendant denies the remaining allegations in this paragraph.**

19.     LVNV retained or hired attorney Blitt for collection of the alleged debt.

**ANSWER:** **Defendant admits that Blitt was retained to collect Plaintiff's outstanding financial obligation. Defendant denies the remaining allegations in this paragraph.**

131337785v1 0984405

20.     On or about January 19, 2016 Blitt filed a lawsuit, on behalf of LVNV, against Plaintiff, styled L*VNV Funding, LLC vs. Michelle Wilder*, Case No. 16-M1-101153 ("State Action"). (Exhibit D, State Court Complaint).

**ANSWER:     Defendant admits that Blitt filed a lawsuit, on behalf of LVNV, against Plaintiff, styled L*VNV Funding, LLC vs. Michelle Wilder*, Case No. 16-M1-101153, on or about January 15, 2016.   Defendant denies the remaining allegations in this paragraph.**

21.     The complaint conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

**ANSWER:     Defendant admits the lawsuit contained the identity of the current creditor, the identity of the original creditor and an amount owed.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

22.     The complaint was thus a communication as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

23.     The complaint requests judgment for Defendants in the amount of $922.09 plus court costs.

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

24.     Attached to the complaint was an affidavit by Chris Meeks, an authorized representative of LVNV. (Ex. D, Complaint).

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

131337785v1 0984405

25.     Mr. Meeks states in his affidavit that as of June 9, 2015, the amount of $922.09 plus any legally permissible interest is due from Plaintiff.

**ANSWER:**     **Upon information and belief, Defendant denies the allegations in this paragraph.**

26.     Defendants were not authorized to add interest to Plaintiff's account when the complaint was filed, as collection of those charges was not authorized by any agreement or allowed by law.

**ANSWER:**     **Upon information and belief, Defendant denies the allegations in this paragraph.**

27.     In fact, Defendants have not added any interest to the debt since it was charged off by Credit One.

**ANSWER:**     **Upon information and belief, Defendant admits the allegations in this paragraph.**

28.     In fact, Defendants have not added other charges to the debt since it was charged off by Credit One.

**ANSWER:**     **Upon information and belief, Defendant admits the allegations in this paragraph.**

29.     Plaintiff purchased an Equifax consumer credit report.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

30.     The amount of the alleged debt sought from Plaintiff by LVNV has not varied since June of 2015 when the balance of $922 was communicated to Equifax by the original creditor, seven months prior to the State Action. (Exhibit E, Excerpt from Equifax Credit Report showing original creditor tradeline).

**ANSWER:**     **Upon information and belief, Defendant admits the allegations in this paragraph.**

131337785v1 0984405

31.     As a standard practice, the original creditor, Credit One waives interest, late charges, and other charges on credit card debts after charge-off.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

32.     Credit One waived interest on Plaintiff's alleged debt.

**ANSWER:     Upon information and belief, Defendant denies the allegations in this paragraph.**

33.     It is the policy and practice of Credit One to not charge interest on credit card debts after charge-off.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

34.     Credit One did not charge interest on Plaintiff alleged debt after charge-off.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

35.     Credit One informed LVNV that finance charges were not accruing on the collection account.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

36.     In fact, LVNV was not authorized to add any interest, late charges, or other charges to Plaintiff's account, as the original creditor waived its right to do so.

**ANSWER:     Upon information and belief, Defendant denies the allegations in this paragraph.**

37.     It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest, late charges or other charges could be assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

7

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.

38. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.

39. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or…**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:** Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.

40. Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10) when it falsely stated that interest and court costs may continue to accrue on the alleged debt.

**ANSWER:** Defendant denies the allegations in this paragraph.

131337785v1 0984405

41.     When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs.*, LLC, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

**ANSWER:      This paragraph contains legal conclusions to which no response is required.  To the extent a response is needed, Defendant denies the allegations of this paragraph.**

42.     Defendant threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add interest and court costs to the alleged debt.

**ANSWER:      Defendant denies the allegations in this paragraph.**

43.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A  debt  collector  may  not  use  unfair  or  unconscionable means  to collect or attempt to collect any debt.**

**ANSWER:      Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

44.     Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest, and court costs.

**ANSWER:      Defendant denies the allegations in this paragraph.**

45.     In fact, Defendants did not intend to charge Plaintiff interest on the alleged debt.

**ANSWER:      Defendant denies the allegations in this paragraph.**

46.     Defendants' threat was intended to make the consumer afraid of interest charges, even though Defendants did not intend to add interest to the account balance.

**ANSWER:      Defendant denies the allegations in this paragraph.**

9

47.     Thus, Defendants made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

48.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:**     **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

49.     Defendants threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened to collect interest on the alleged debt.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

50.     225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act provides as follows:

**Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

**ANSWER:**     **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

51.     Defendants attempted to collect additional costs which were not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

**ANSWER:     Defendant denies the allegations in this paragraph.**

52.     LVNV authorized, directed, and ratified every action taken by Blitt on its behalf, and is liable for the acts and omissions of Blitt, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

**ANSWER:     Defendant denies the allegations in this paragraph.**

53.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:     This paragraph contains legal conclusions to which no response is required.  To the extent a response is needed, Defendant denies the allegations of this paragraph.**


**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

54.     Plaintiff re-alleges above paragraphs as if set forth fully in this count.

**ANSWER:     Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

55.     Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e,1692e(2)(a), 1692e(5) and 1692e(10), when it falsely stated that there is legally permissible interest on Plaintiff's account.

**ANSWER:     Defendant denies the allegations in this paragraph.**

56.     Defendants threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add interest to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

57.     Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threated to add interest to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

58.     By threatening to collect interest, Defendants used unfair and unconscionable means in violation of 15 U.S.C. § 1692f.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

59.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, and reasonable attorney fees.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

60.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

61.     Defendants threatened to collect additional interest which was not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, LVNV Funding, LLC, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.  Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case. Here, Defendant relied, in good faith, upon Blitt to collect Plaintiff's debt in compliance with all federal and state laws. Defendant relied upon a non-party to this suit to accurately report the amount of the debt

to the credit bureaus in the format required by the credit bureaus. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

2. If Defendant is found to be vicariously responsible for the alleged conduct of any other party, Defendant is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

3. Plaintiff's claim is barred by whole or in part by the applicable statute of limitations.

4. Defendant affirmatively states that the Complaint, and each cause of action alleged therein against Defendant, is barred by the doctrines of estoppel and waiver.

5. Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff. As such, this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendant, LVNV Funding, LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/Katherine H. Oblak
Katherine H. Oblak

David M. Schultz
Nabil G. Foster
Katherine H. Oblak
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
koblak@hinshawlaw.com

131337785v1 0984405

## CERTIFICATE OF SERVICE

I, Katherine H. Oblak, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on March 28, 2016.

_X_ CM/ECF
___ Facsimile
___ Federal Express
___ E-Mail
___ Messenger

*Attorneys for Plaintiff(s)*
Michael J. Wood
Celetha Chatman
COMMUNITY LAWYERS GROUP, LTD.
73 W. Monroe St., Suite 502
Chicago, IL 60603
Phone: (312) 757-1880
Fax: (312) 265-3227
mwood@communitylawyersgroup.com

David M. Schultz
Nabil G. Foster
Katherine H. Oblak
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
koblak@hinshawlaw.com

*/s Katherine H. Oblak*
Katherine H. Oblak
One of the Attorneys for Defendants

131337785v1 0984405